**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Ernestine N. Palmer, as Trustee of the Article IV Trust created under the Will of Mary Denman Newman, deceased; Ronald O. Palmer, and Ernestine N. Palmer, as Trustee of the Article IV Trust created under the Will of James E. Newman, deceased; Respondents,

v.

Hatcham Grove, Inc., and David H. Lucas, Appellants.

Appellate Case No. 2014-002451

Appeal From Lee County
W. Jeffrey Young, Circuit Court Judge

Unpublished Opinion No. 2016-UP-169
Submitted March 1, 2016 – Filed April 6, 2016

**AFFIRMED**

Magalie Arcure Creech, of Finkel Law Firm, LLC, of Charleston, for Appellants.

Kyle B. Parker, of Pope & Hudgens, PA, of Newberry, for Respondents.

**PER CURIAM:** Appellants appeal the circuit court's grant of summary judgment in favor of Respondents. The circuit court granted summary judgment on Appellants' claim Respondents violated section 37-10-102 of the South Carolina Code (Attorney Preference Statute) during the execution of a mortgage loan between the parties. Appellants argue the circuit court improperly granted summary judgment because Respondents did not satisfy their statutory burden by showing they substantially complied with the Attorney Preference Statute by ascertaining Appellants' preferred representative legal counsel prior to the mortgage closing. We find the Attorney Preference Statute inapplicable to the underlying loan transaction. Accordingly, we affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities: Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision or judgment upon any ground(s) appearing in the Record on Appeal."); S.C. Code Ann. § 37-10-102 (2015) (stating a lender must ascertain the borrower's attorney preference prior to the closing of a loan "secured in whole or in part by a lien on real estate," when the primary purpose of the loan is for a "*personal, family or household purpose*" (emphasis added)).

**AFFIRMED.**

**SHORT, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.